■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WEBBER, Appellant.—On the court's own motion, it is,

Ordered that the decision and order of this court, dated May 11, 1992 [183 AD2d 798], is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered November 9, 1990, convicting him of burglary in the second degree and burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove that he unlawfully entered a dwelling with the intent to commit a larceny therein is not preserved for appellate review as he failed to specifically raise this issue in his motion for a trial order of dismissal *(see, People v Bynum,* 70 NY2d 858; *People v Williams,* 167 AD2d 565). In any event, we find that the People met their burden of proof.

On the morning of May 12, 1990, the defendant was seen cruising the neighborhood of 140th Street in Jamaica, Queens. A while later, at 10:30 A.M., the defendant pulled his car up in front of a house located at 114-26 140th Street. The defendant stepped out of his car and walked to the driveway gate. After looking up and down the block, he opened the gate and walked to the rear of the house. Within a couple of minutes the police were on the scene. Police Officer John Gagliardi immediately went to the rear of the house. He found the defendant inside the house next to a broken window. The officer ordered the defendant at gunpoint to come out of the house, through the window. The defendant was then arrested.

We find that this evidence was legally sufficient to establish that the defendant, who was not authorized to enter the house, did so with the intent to commit a larceny therein *(see,* Penal Law §§ 140.20, 140.25 [2]; *People v Barnes,* 50 NY2d 375; *People v Fraticelli,* 172 AD2d 622; *People v Daye,* 150 AD2d 481). Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.