■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MONGE, Appellant. [670 NYS2d 200] —Appeal by the defendant from a judgment of the County Court, Nassau County (Gulotta, J.), rendered January 17, 1997, convicting him of burglary in the second degree and attempted burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he intended to commit a crime when he entered the attached

garage of one complainant, or when he attempted to enter the attached garage of another complainant. Contrary to the defendant's contentions, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to prove his guilt of burglary in the second degree (*see*, Penal Law § 140.25 [2]) and attempted burglary in the second degree. An attached garage constitutes a dwelling (*see, People v Santana*, 143 AD2d 207; *People v Green*, 141 AD2d 760; *People v Stevenson*, 116 AD2d 756). Furthermore, the circumstantial evidence, including the defendant's unlawful entry into one garage and the improbable excuse he provided to the owner of the garage to explain his presence therein, that he was to meet a friend, followed by his attempted forcible entry into a second nearby garage a short time later, clearly constitutes persuasive evidence of his criminal intent (*see, People v Webber*, 184 AD2d 540; *People v Moore*, 139 AD2d 676).

The defendant contends that the statement he made upon his arrest, that he was merely looking for a shovel so he could earn money clearing sidewalks of snow, constitutes proof of a non-criminal motive for his entry. However, this merely concerns issues of credibility and the weight to be accorded to the evidence presented, which are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84). The jury's verdict was not against the weight of the credible evidence (*see*, CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490; *People v Garafolo*, 44 AD2d 86).

The defendant's remaining contentions are without merit. Copertino, J. P., Altman, Florio and Luciano, JJ., concur.