■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEANDRO DIAZ, Appellant. [862 NYS2d 73]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered January 18, 2006, convicting him of burglary in the second degree and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of burglary in the second degree on the ground that his intent to commit this crime was not established is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger,* 95 NY2d 894 [2000]; *People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Webber,* 184 AD2d 540 [1992]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree and criminal mischief in the fourth degree beyond a reasonable doubt (*see* Penal Law § 140.25 [2]; § 145.00 [1]). The evidence of the acts committed by the defendant, including his unlawful entry, through a window, into a locked management office of an apartment building at approximately 4:00 A.M., followed by his apprehension inside the basement of the building a short time later, and the false excuse he provided to the police to explain his presence therein, constituted proof of his criminal intent (*see People v Jackson,* 46 AD3d 1408 [2007], *lv denied* 10 NY3d 841 [2008]; *People v Flores,* 303 AD2d 597, 598 [2003]; *People v Monge,* 248 AD2d 558, 558-559 [1998]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's remaining contentions are without merit. Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.