■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARUC VELEZ, Appellant. [17 NYS3d 780]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ozzi, J.), rendered August 14, 2012, convicting him of burglary in the second degree, criminal trespass in the second degree, criminal mischief in the fourth degree (two counts), and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of burglary in the second degree and criminal mischief in the fourth degree (two counts) and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial as to those counts of the indictment.

On October 4, 2010, at about 5:30 a.m., the residents of a second-floor apartment at 1170 Greene Avenue in Brooklyn awoke to discover blood throughout their apartment, including on the bathroom faucet and shower curtain. The kitchen window, which had been closed but unlocked the night before, was open and had blood on it. Although the chairs in the living room had been rearranged and three ceiling tiles had been broken, nothing was missing from the apartment.

At approximately 2:35 a.m. on the same day, the residents of a first-floor apartment at 1168 Greene Avenue in Brooklyn were awakened by the sound of their kitchen window shattering. Three of the residents then encountered the defendant, whom they did not know, and grabbed him as he tried to escape the apartment. According to the trial testimony of one of the residents, the defendant had "bloodshot red eyes" and was saying that "someone's following" him. Police officers responded to the scene and arrested the defendant, who was bleeding and had cocaine on his person. Blood samples recovered at both 1168 and 1170 Greene Avenue contained DNA that matched the defendant's DNA.

At trial, the defendant testified, inter alia, that on the evening of October 3, 2010, a time when he was very depressed, he consumed two one-liter bottles of Scotch whisky and nine bags of cocaine within a two- to four-hour period at a grocery store that he owned. As the defendant left the store to go home, he was "really drunk," "very drugged," and not "thinking right." The combination of drugs and alcohol caused him to be "frightened" and "paranoid," and to hallucinate that police officers were chasing him. Believing that he was being pursued, the defendant ran behind houses and through backyards until he "found an open window in an apartment and . . . ran in, desperate." Although the defendant did not fully remember what happened inside, he remembered that he ran through the apartment, and may have hidden behind a suitcase, touched a chair, and knocked things over.

According to the defendant's testimony, he then left the apartment through a window, and as he was "jumping towards the next house," he slipped and fell "like a bullet" through another window, which shattered, and landed inside another apartment. As the defendant was looking for a way out, the people inside the apartment held him until the police officers came to arrest him. The defendant later provided law enforcement officials with a handwritten statement which stated: "I was drunk and a little bit drugged. I was just running." The defendant was subsequently taken to a hospital, where, at about 4:15 a.m., he received stitches to his finger.

The defendant's hospital records were admitted into evidence. A triage nurse recorded that the defendant's "chief complaint" was alcohol intoxication, and that the defendant was uncooperative, anxious, agitated, and had the smell of alcohol on his breath.

The defendant was convicted, upon a jury verdict, of burglary in the second degree with respect to 1168 Greene Avenue, criminal trespass in the second degree with respect to 1170 Greene Avenue, two counts of criminal mischief in the fourth degree, and criminal possession of a controlled substance in the seventh degree.

The defendant's contention that his conviction of burglary in the second degree was not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Diaz*, 53 AD3d 504, 505 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see* *People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt (*see* Penal Law

§ 140.25; *People v Diaz*, 53 AD3d at 505; *People v Flores*, 303 AD2d 597, 598 [2003]; *People v Monge*, 248 AD2d 558, 559 [1998]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Nevertheless, a new trial is required as a result of the trial court's erroneous denial of the defendant's request for a charge on intoxication. Although intoxication is not a defense to a criminal offense, evidence of intoxication "may be offered by the defendant whenever it is relevant to negative an element of the crime charged" (Penal Law § 15.25). An intoxication charge should be issued when, viewing the evidence in a light most favorable to the defendant, there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to an element on that basis (*see People v Beaty*, 22 NY3d 918, 921 [2013]; *People v Farnsworth*, 65 NY2d 734, 735 [1985]; *People v Perry*, 61 NY2d 849, 850-851 [1984]). The evidence of intoxication in this case met this " 'relatively low threshold' " (*People v Beaty*, 22 NY3d at 921, quoting *People v Gaines*, 83 NY2d 925, 927 [1994]). Contrary to the People's contention, the error was not harmless with respect to the defendant's convictions of burglary in the second degree and criminal mischief in the fourth degree. In order for an error to be harmless, among other things, the proof of the defendant's guilt must be overwhelming (*see People v Crimmins*, 36 NY2d 230, 241 [1975]). Here, the proof of the defendant's intent as to the crimes of burglary in the second degree and criminal mischief in the fourth degree was not overwhelming (*see* Penal Law §§ 140.25, 145.00). However, the error was harmless with respect to the defendant's convictions of criminal trespass in the second degree and criminal possession of a controlled substance in the seventh degree. There was overwhelming evidence of the defendant's guilt of those crimes, including overwhelming evidence that he acted knowingly as to the crime of criminal trespass in the second degree with respect to 1170 Greene Avenue (*see* Penal Law § 140.15 [1]), and no significant probability that the jury would have acquitted the defendant of those counts had it not been for the error (*see People v Crimmins*, 36 NY2d at 242).

The defendant's remaining contentions are without merit.

Accordingly, we modify the judgment by vacating the convictions of burglary in the second degree and two counts of criminal mischief in the fourth degree, affirm the judgment as so modified, and remit the matter to the Supreme Court, Kings

County, for a new trial as to those counts of the indictment. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.