◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v IQBAL KHAN, Respondent. [30 NYS3d 250]—

Appeal by the People from an order of the Supreme Court, Queens County (Mullings, J.), dated October 17, 2014, which, after a hearing, granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered May 15, 2006, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is reversed, on the law, and the defendant's motion pursuant to CPL 440.10 to vacate the judgment rendered May 15, 2006, is denied.

The defendant, an immigrant from Pakistan, legally entered the United States in 1996 when he was eight years old. In 2005, he was adjudicated a youthful offender and placed on probation based upon a charge of robbery in the first degree involving injuries to the complainant. While on probation, the defendant was charged with criminal sale of marihuana in the fifth degree, and the case was adjourned in contemplation of dismissal. In November 2005, while still on probation, the defendant was charged with robbery in the second degree. In 2006, he pleaded guilty to robbery in the third degree in satisfaction of that charge, and was sentenced to one year in prison. On December 5, 2013, he was detained on an immigration warrant on the ground that his conviction constituted an aggravated felony mandating his deportation.

The defendant moved to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel because his counsel informed him that he "would not have any problem with my immigration status as a result of my plea." However, at a hearing on the motion, defense counsel testified that she advised the defendant that he was pleading to an aggravated felony and a one-year sentence would result in his deportation. Defense counsel attempted to negotiate a

sentence with six months of jail time and probation, or a sentence with no jail time, but her proposals were rejected by the prosecutor because, among other things, the defendant was still on probation for the robbery in the first degree charge where the complainant had been injured.

The prosecutor who handled the case testified that her "bottom line offer was one year" based upon the defendant's criminal history. The prosecutor noted that, if the defendant chose to go to trial and the complainant was reluctant to testify, she intended "to proceed and . . . obtain a material witness order if necessary." There was no evidence adduced that the complainant recanted.

The Supreme Court did not credit the defendant's claim that his attorney told him that there would be no immigration consequences if he took the plea, and credited defense counsel's testimony that "[t]here was never any misadvice as to the immigration consequences of the plea." However, the court found that defense counsel's performance was ineffective because she did not ask for a sentence of 364 days in prison and because of her failure to investigate the strength of the evidence against the defendant. The court stated that "[t]he record is unclear about whether the complainant was reluctant to testify . . . or whether the complainant recanted."

In *Strickland v Washington* (466 US 668 [1984]) the United States Supreme Court adopted a two-part test for evaluating claims of ineffective assistance of counsel. A "defendant must show that counsel's performance was deficient," and "that the deficient performance prejudiced the defense" (*id.* at 687). "The first prong of the *Strickland* test is essentially a restatement of attorney competence, which requires a showing that counsel's representation fell below an objective standard of reasonableness. The second prong, also known as the prejudice prong, 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process' " (*People v McDonald*, 1 NY3d 109, 113-114 [2003] [citation omitted], quoting *Hill v Lockhart*, 474 US 52, 59 [1985]).

To establish a claim of ineffective assistance of counsel under the New York Constitution, a defendant must show that he was not afforded "meaningful representation" based upon "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). "Our cases, however, agree with *Strickland* on the first prong" in that " 'counsel's efforts should not be second-guessed with the clarity of hindsight' " and the defendant is not entitled to perfect representa-

tion (*People v Turner*, 5 NY3d 476, 480 [2005], quoting *People v Benevento*, 91 NY2d 708, 712 [1998]).

In this case, the evidence failed to establish that defense counsel's conduct fell below any objective standard of reasonableness. It is clear that she attempted to negotiate a sentence involving less than one year in prison, and the fact that she did not suggest all possible alternatives to achieve that end did not constitute ineffectiveness. Further, her failure to ascertain that the complainant was reluctant to testify was not significant under the totality of the circumstances, since the prosecutor was determined to prosecute and could have obtained the complainant's testimony through a material witness order.

Since the defendant failed to meet his burden of establishing ineffective assistance of counsel, his motion should have been denied. Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.