Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered January 11, 2013, convicting him of murder in the second degree and attempted assault in the first degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 At approximately 2:15 a.m. on September 30, 2010, the defendant and his wife were patrons of a bar in Prospect Heights, Brooklyn. They were conversing with friends and allowing their dog to play in a fenced area outside the bar with a dog owned by Chai Eun Hillman, a patron and off-duty bartender. The dogs’s leashes became tangled, and the defendant and his wife had a difficult time unraveling them. When Hillman, who was visibly intoxicated, tried to help untangle the leashes, he touched the defendant’s wife’s arm and allegedly said something rude to her. This resulted in an argument between the defendant and Hillman, which quickly escalated into a physical altercation. During the altercation, the defendant, wielding a knife with a four-inch blade, slashed Daniel Hultquist, an off-duty bartender, who was trying to calm the defendant. Hill-man charged at the defendant, the two men grappled, and the defendant eventually stabbed Hillman in the torso. Hillman later died at the hospital from the stab wounds.
 

 The defendant fled the scene, but he was quickly apprehended by the police and identified by other patrons of the bar as the man who stabbed Hillman. The defendant was charged, with, inter alia, murder in the second degree.
 

 At trial, the defendant testified on his own behalf and he also presented testimony from his wife and a bar patron who was present before the altercation. The defendant did not deny that he took out a knife during the altercation or that he stabbed Hillman. Among other things, the defendant testified that he knew Hillman from the bar and the neighborhood, he knew that Hillman practiced martial arts, and he saw Hillman punch someone in the face at a different bar about six weeks prior to this incident. The defendant testified that Hillman punched him in the face as he was trying to walk away from the fight, and he knew that he would not be able to fight Hill-man because of Hillman’s martial arts skills. The defendant also testified that he used the knife because he was afraid that Hillman was going to hurt him.
 

 At the charge conference, the Supreme Court stated that murder in the second degree would be submitted to the jury with respect to the death of Hillman. Defense counsel requested that the court also submit the lesser-included offenses of manslaughter in the first degree and manslaughter in the second degree. The People objected to a manslaughter in the second degree charge. The court ruled that it would submit manslaughter in the first and second degrees “in the alternative,” observing, “[t]here is some testimony from the defendant that he was intoxicated and testimony from others that he was drinking. It may add credence to a view that [the defendant’s] act may have been reckless.”
 

 With respect to the other victim, Hultquist, the parties agreed with the Supreme Court’s determination to submit attempted assault in the first degree and, in the alternative, attempted assault in the second degree.
 

 Thereafter, defense counsel requested a justification charge with respect to the counts concerning Hillman’s death, but not the counts pertaining to Hultquist. Over the People’s objection, the Supreme Court agreed to give a justification charge with respect to Hillman, noting that the defendant testified that he was afraid.
 

 The Supreme Court asked defense counsel whether the defendant sought an intoxication charge for “possibly negating the element of intent,” to which defense counsel replied “no” without elaboration.
 

 The jury found the defendant guilty of murder in the second degree for the death of Hillman and guilty of attempted assault in the first degree for the injury to Hultquist.
 

 The defendant’s sole contention on appeal is that he was deprived of the effective assistance of counsel because counsel “fail[ed] to accept the court’s offer” to give an intoxication charge.
 

 In Strickland v Washington (466 US 668 [1984]), the United States Supreme Court adopted a two-part test for evaluating claims of ineffective assistance of counsel. A “defendant must show that counsel’s performance was deficient,” and “that the deficient performance prejudiced the defense” (id. at 687). “The first prong of the Strickland test is essentially a restatement of attorney competence, which requires a showing that counsel’s representation fell below an objective standard of reasonableness” (People v McDonald, 1 NY3d 109, 113-114 [2003]; see People v Khan, 138 AD3d 1021, 1022 [2016]). The second prong, also known as the prejudice prong, focuses on whether “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different” (Strickland v Washington, 466 US at 694; see People v McDonald, 1 NY3d at 113-114).
 

 To establish a claim of ineffective assistance of counsel under the New York Constitution, a defendant must show that he was not afforded “meaningful representation” based upon “the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation” (People v Baldi, 54 NY2d 137, 147 [1981]). “Our cases, however, agree with Strickland on the first prong” (People v Turner, 5 NY3d 476, 480 [2005]) in that “ ‘counsel’s efforts should not be second-guessed with the clarity of hindsight’ ” and the defendant is not entitled to perfect representation (id. at 480, quoting People v Benevento, 91 NY2d 708, 712 [1998]; see People v Khan, 138 AD3d at 1022-1023). “[I]t is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel’s alleged shortcomings ... As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance” (People v Benevento, 91 NY2d at 712-713 [citations and internal quotation marks omitted]; see People v Olsen, 148 AD3d 829, 830 [2017]).
 

 “A charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis” (People v Perry, 61 NY2d 849, 850 [1984]; see People v Golger, 126 AD3d 914 [2015]; People v Velcher, 116 AD3d 799, 800 [2014]).
 

 Assuming, without deciding, that the evidence at trial was sufficient to warrant an intoxication charge (cf. People v Sirico, 17 NY3d 744, 745-746 [2011]), defense counsel was not ineffective for failing to request that charge in this case (see People v Duffy, 119 AD3d 1231, 1234 [2014]). Defense counsel prudently pursued a justification defense, which would have been a total defense to the top count of murder in the second degree. Moreover, defense counsel successfully requested the lesser-included offenses of manslaughter in the first degree and manslaughter in the second degree, and the latter count was submitted over the People’s objection. Defense counsel could have strategically determined that requesting an intoxication charge would have undermined, or distracted from, the justification defense in this particular case. Although reasonable legal minds may differ on the better strategy with respect to a charge of intoxication, we cannot second-guess defense counsel’s decision with the benefit of hindsight. Accordingly, the defendant has not demonstrated the absence of strategic or other legitimate explanations for defense counsel’s failure to request an intoxication charge (see id. at 1234; People v Hammond, 107 AD3d 1156, 1156 [2013]; People v Pike, 63 AD3d 1692, 1694 [2009]; People v DeLeon, 251 AD2d 62 [1998]; People v Schuler, 158 AD2d 922 [1990]; see generally People v Benevento, 91 NY2d at 712-713).
 

 Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.