Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered August 13, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification evidence.
 

 Ordered that the judgment is affirmed.
 

 We agree with the Supreme Court that a lineup identification procedure conducted with an eyewitness to the subject incident was not unduly suggestive (see People v Choi, 137 AD3d 808 [2016]; People v Mailings, 88 AD3d 745 [2011]).
 

 In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
 

 The defendant’s contention that various comments made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]), and, in any event, without merit.
 

 Contrary to the defendant’s contention, he was not deprived of the effective assistance of counsel. The record as a whole demonstrates that counsel provided the defendant with meaningful representation (see People v Caban, 5 NY3d 143 [2005]; People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s remaining contentions are unpreserved for appellate review and, in any event, do not require reversal.
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.