People v Moreira (2019 NY Slip Op 06414)





People v Moreira


2019 NY Slip Op 06414


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2013-01649
 (Ind. No. 2970/10)

[*1]The People of the State of New York, respondent,
v Benjamin Moreira, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Merri Turk Lasky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered February 6, 2013, convicting him of murder in the second degree, manslaughter in the first degree, criminal possession of a weapon in the fourth degree, and tampering with physical evidence, upon a jury verdict, and sentencing him, inter alia, to an indeterminate term of imprisonment of 24 years to life on the conviction of murder in the second degree, and a determinate term of imprisonment of 24 years, to be followed by a period of 5 years of postrelease supervision, on the conviction of manslaughter in the first degree, all sentences to run concurrently.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the conviction of manslaughter in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, and (2) by reducing the sentence imposed on the conviction of murder in the second degree from an indeterminate term of imprisonment of 24 years to life to an indeterminate term of imprisonment of 20 years to life; as so modified, the judgment is affirmed.
The defendant was charged with, inter alia, murder in the second degree for stabbing Dario Paiva once in the chest with a butterfly knife, resulting in his death. On the night of the incident, the then 19-year-old defendant had been with friends, drinking at a house party a few blocks from Jamaica Avenue in Queens. After finishing "the bottles," a group of young men, including the defendant, proceeded to Jamaica Avenue, where there was a brief interaction between someone in the group and another young man, Kristian Paiva. Kristian's mother was on the phone with Kristian during the interaction, which involved the person in the group swinging at Kristian. Kristian's mother awoke Kristian's older brother, Dario, to go find his brother. When Dario found Kristian, Kristian motioned toward the group of young men that was proceeding up to the subway platform, and he and Dario followed them. When they reached the group on the platform, Dario asked who had hit his brother, and the young men in the group drew knives and chased Kristian and Dario. Before Dario could make it down the subway platform stairs, he was stabbed a single time in the chest, puncturing his aorta and lung. Dario died soon thereafter.
At trial, defense counsel argued that Dario had been the aggressor, needlessly escalated the interaction, and threatened the group. The defendant had admitted to stabbing Dario [*2]in both written and videotaped oral statements to police, but also consistently asserted that it was an accident, that he was seeking to protect himself and his friends, and that he never intended to harm Dario. The jury convicted the defendant, inter alia, of both murder in the second degree and manslaughter in the first degree. The defendant's primary contention on appeal is that he was deprived of the effective assistance of counsel by his attorney's failure to request that a charge of intoxication be given to the jury in this case, despite his statements that he had been drinking in the period of time immediately before the incident occurred. This contention is without merit.
A claim of ineffective assistance of counsel under the Sixth Amendment to the United States Constitution requires the defendant to establish that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced by such deficient performance (see Strickland v Washington, 466 US 668, 687; People v Alexander, 159 AD3d 1019, 1020; People v Abdallah, 153 AD3d 1424, 1425). Prejudice is established when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (Strickland v Washington, 466 US at 694; see People v Butler, 157 AD3d 727, 730; People v Georgiou, 38 AD3d 155, 160).
Under the New York Constitution, a defendant need not prove that the outcome of the case would have been different but for counsel's errors; rather, only that in totality he or she was deprived of a fair trial (see People v Caban, 5 NY3d 143, 155-156). Defense counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective (see People v Benevento, 91 NY2d 708, 712; People v Satterfield, 66 NY2d 796, 799; People v Pagan, 155 AD3d 779, 781; People v Clarke, 66 AD3d 694, 697). To determine if a defendant received effective assistance of counsel, the court must look to the "evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of [the] representation" to determine whether the defendant received "meaningful representation," rather than whether the defendant disagrees with the strategies and tactics employed by counsel (People v Benevento, 91 NY2d at 712; see People v Benn, 68 NY2d 941; People v Baldi, 54 NY2d 137; People v Wade, 164 AD3d 840, 840; People v Robinson, 163 AD3d 1002, 1002; People v Saliani, 163 AD3d 854).
Assuming, without deciding, that the evidence at trial was sufficient to warrant an intoxication charge (see People v Velez, 132 AD3d 916, 917; People v Velcher, 116 AD3d 799, 800; People v Aronsen, 204 AD2d 470, 471), defense counsel was not ineffective for failing to request that charge in this case. Defense counsel prudently pursued arguments which sought to present this incident as a perfect storm of unnecessary escalation by the victim, followed by actions taken by the defendant to protect himself and his friends, all resulting in the wholly accidental death of the victim. Defense counsel could have strategically determined that requesting an intoxication charge would have undermined, or distracted from, the narrative the defense had pursued that the defendant was forced to make a decision when faced with the angry victim to protect himself and his friends. Accordingly, the defendant has not demonstrated the absence of strategic or other legitimate explanations for defense counsel's failure to request the intoxication charge (see People v Pagan, 155 AD3d at 781; see also People v Duffy, 119 AD3d 1231, 1234; People v Hammond, 107 AD3d 1156; People v Pike, 63 AD3d 1692, 1694).
However, the defendant's conviction of manslaughter in the first degree must be vacated. Where multiple counts, including inclusory concurrent counts, are submitted to a jury, "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted" (CPL 300.40[3][b]). As the People correctly concede, the charge of manslaughter in the first degree must be dismissed as a lesser inclusory concurrent count of murder in the second degree (see CPL 300.30[4]; People v Hull, 27 NY3d 1056, 1058; People v McIntosh, 162 AD3d 1612, 1617, affd 33 NY3d 1064; see also People v Sanchez, 164 AD3d 925; People v Tendilla-Fuentes, 157 AD3d 721).
The sentence imposed was excessive to the extent indicated herein (see People v Sarkodie, 172 AD3d 909; People v Herrera, 155 AD3d 890; People v Naqvi, 132 AD3d 779).
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court