People v Mora (2021 NY Slip Op 03855)





People v Mora


2021 NY Slip Op 03855


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2017-11094
 (Ind. No. 1952/16)

[*1]The People of the State of New York, respondent,
v
Felix Mora, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark Cohen, J.), rendered August 31, 2017, convicting him of rape in the second degree, criminal sexual act in the second degree, rape in the third degree, criminal sexual act in the third degree, sexual abuse in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of rape in the second and third degrees, sexual abuse in the second degree, and related offenses for acts he committed against his adopted daughter, arising from incidents of abuse which began in 2014 and ended with the complainant's report of the abuse in September 2016.
Contrary to the defendant's contentions, defense counsel's cross examination of witnesses, and his declining to present an affirmative defense case, did not constitute ineffective assistance of counsel. In Strickland v Washington (466 US 668), the United States Supreme Court adopted a two-part test for evaluating claims of ineffective assistance of counsel. A "defendant must show that counsel's performance was deficient," and "that the deficient performance prejudiced the defense" (id. at 687). "The first prong of the Strickland test is essentially a restatement of attorney competence, which requires a showing that counsel's representation fell below an objective standard of reasonableness. The second prong, also known as the prejudice prong, focuses on whether" (People v McDonald, 1 NY3d 109, 113-114 [citation and internal quotation marks omitted]) "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Pagan, 155 AD3d 779, 781, quoting Strickland v Washington, 466 US at 694).
To establish a claim of ineffective assistance of counsel under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" based upon "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation" (People v Baldi, 54 NY2d 137, 147). "Our cases, however, agree with Strickland on the first prong" (People v Turner, 5 NY3d 476, 480) in that "'counsel's [*2]efforts should not be second-guessed with the clarity of hindsight'" and the defendant is not entitled to perfect representation (id. at 480, quoting People v Benevento, 91 NY2d 708, 712).
Generally, whether to call an expert is a tactical decision, and cross-examination of the People's experts will, in many instances, be sufficient to expose defects in the experts' presentations (see People v Caldavado, 166 AD3d 792, 794). "As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d at 712-713).
Under the circumstances presented here, the record shows that trial counsel effectively cross-examined the People's witnesses, including the experts, and elicited testimony that was damaging to the People's case. The fact that the defense did not call its own witnesses reflects a reasonable legal strategy that the best way to defend this case was through impeachment of the People's witnesses (see People v Caldavado, 166 AD3d at 794). As the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (see People v Robinson, 160 AD3d 991, 992), we find no basis to disturb the judgment of conviction on this ground.
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court