People v Banyai (2024 NY Slip Op 04270)

People v Banyai

2024 NY Slip Op 04270

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2022-09853
 (Ind. No. 85/19)

[*1]The People of the State of New York, respondent,
v
Daniel Banyai, appellant.

Law Office of Joseph Indusi, PLLC, Hauppauge, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered September 12, 2022, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In March 2018, the People moved pursuant to Penal Law § 400.00(1) and (11) to revoke the defendant's pistol permit under permit number C-36230. In particular, the People alleged as grounds for revocation that the defendant had made various threats to a Pace University employee via text message. Thereafter, in an interim order dated April 9, 2018 (hereinafter the interim order), the County Court, among other things, directed a hearing to be conducted on May 7, 2018, as to whether the defendant's pistol permit should be revoked, directed the defendant to surrender all of the firearms that he owned or were in his possession, and directed "that any and all firearm licenses heretofore issued to the [defendant] are hereby suspended, effective 48 hours subsequent to service of this Order." The defendant was served with the interim order on April 24, 2018.
On April 30, 2018, members of law enforcement executed a search warrant at the defendant's home, and a firearm was observed therein, which was later recovered by law enforcement. The defendant was subsequently indicted for criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) and criminal possession of a weapon in the third degree (id. § 265.02[1]).
On October 21, 2019, the defendant pleaded guilty to criminal possession of a weapon in the third degree. Thereafter, the defendant obtained new counsel and moved to withdraw his plea on various grounds, including ineffective assistance of counsel. After a hearing, the County Court denied the defendant's motion, and on September 12, 2022, the court imposed sentence. The defendant appeals.
"A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty" (People v Facey, 180 AD3d 927, 928). Under the federal ineffective assistance of counsel standard, the defendant must show (1) "that counsel's performance was [*2]deficient," and (2) "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US 668, 687). "The first prong of the Strickland test is essentially a restatement of attorney competence, which requires a showing that counsel's representation fell below an objective standard of reasonableness" (People v McDonald, 1 NY3d 109, 113; see People v Mora, 195 AD3d 866, 867). In the context of a plea of guilty, the defendant satisfies the second prong of the federal test by demonstrating that "'there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial'" (People v Hernandez, 22 NY3d 972, 975, quoting Hill v Lockhart, 474 US 52, 59; see People v Ottey, 175 AD3d 1324, 1326).
"Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than the impact of counsel's errors on the outcome of the case" (People v Parvez, 209 AD3d 885, 886-887). "'[T]he core of the inquiry is whether defendant received meaningful representation'" (People v Nicholson, 26 NY3d 813, 830, quoting People v Benevento, 91 NY2d 708, 712), "view[ing] counsel's performance in its totality" (id. at 831). "Where the evidence, the law and the circumstances of a particular case, viewed together and as of the time of representation, reveal that meaningful representation was provided, defendant's [state] constitutional right to the effective assistance of counsel has been satisfied" (People v Satterfield, 66 NY2d 796, 798-799, citing People v Baldi, 54 NY2d 137, 147; see People v Ramos, 194 AD3d 964, 965).
Under both the New York and federal standards, "counsel's efforts should not be second-guessed with the clarity of hindsight" (People v Turner, 5 NY3d 476, 480 [internal quotation marks omitted]; see People v Mora, 195 AD3d at 867), and the test of counsel's performance is "'reasonable competence, not perfect representation'" (People v Pavone, 26 NY3d 629, 647, quoting People v Modica, 64 NY2d 828, 829; see People v Baldi, 54 NY2d at 146; People v Khan, 138 AD3d 1021, 1022-1023). Relatedly, counsel is not ineffective for failing to raise a novel issue that is not clear-cut and dispositive (see People v McGee, 20 NY3d 513, 518; People v Gomez, 225 AD3d 710, 711).
Here, the record establishes that defense counsel's representation did not fall below an objective standard of reasonableness (see Strickland v Washington, 466 US at 687) and that counsel provided the defendant with meaningful representation (see People v Caban, 5 NY3d 143, 155; People v Benevento, 91 NY2d at 714). Contrary to the defendant's contention, his counsel was not constitutionally deficient for failing to identify the legal argument that the defendant now raises on appeal. The defendant now contends that the County Court lacked the authority to issue the interim order temporarily suspending his firearms license because the specific conditions for suspension pursuant to Penal Law § 400.00(11)(a) were not satisfied, and therefore, the defendant had a complete defense to the indictment pursuant to Penal Law § 265.20(a)(3).
In support of this new defense, the defendant does not cite any decisional law interpreting Penal Law § 400.00(11). The defendant relies solely upon the text of Penal Law § 400.00(11) to contend, in substance, not only that the County Court erred in issuing the interim order, but also that the purported defects in the interim order were of such a nature so as to render the interim order void ab initio. Under these circumstances, the defendant's counsel cannot be deemed constitutionally deficient for failing to raise such a novel issue (see People v Gomez, 225 AD3d at 711).
The defendant's remaining contentions are unpreserved for appellate review, as the defendant failed to raise those contentions before the County Court (see People v Belizaire, 222 AD3d 875, 877), and, in any event, they are without merit.
DILLON, J.P., CHAMBERS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court