People v Jackson (2025 NY Slip Op 07404)

People v Jackson

2025 NY Slip Op 07404

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2021-05230
 (Ind. No. 894/19)

[*1]The People of the State of New York, respondent,
vTavarrus Jackson, appellant.

Patricia Pazner, New York, NY (Alexa Askari and Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and Allison Marculitis of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered July 15, 2021, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of course of sexual conduct against a child in the first degree. The defendant appeals from the judgment of conviction. We affirm.
Contrary to the defendant's contention, defense counsel's decision to call an expert witness did not constitute ineffective assistance of counsel. "Under the federal ineffective assistance of counsel standard, the defendant must satisfy a two-pronged test in order to establish that counsel was ineffective: (1) 'that counsel's representation fell below an objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (People v Mohan, 215 AD3d 766, 766-767, quoting Strickland v Washington, 466 US 688, 688, 694). "Under the New York standard, the first prong is identical to its federal counterpart, but the second prong is based on the fairness of the process as a whole rather than on the impact of counsel's errors on the outcome of the case" (id. at 767).
"Generally, whether to call an expert is a tactical decision" (People v Caldavado, 166 AD3d 792, 794). "As long as the defense reflects a reasonable and legitimate strategy under the circumstances and evidence presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d 708, 712-713).
Under the circumstances presented here, the record shows that trial counsel's decision to call an expert witness was a reasonable legal strategy to bolster the defense strategy to undermine the credibility of the People's witnesses (see People v Caldavado, 166 AD3d at 794). As the defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (see People v Mora, 195 AD3d 866, 867-868), we find no basis to [*2]disturb the judgment of conviction on this ground.
The defendant's challenge to the comments made by the prosecutor during summation is unpreserved for appellate review (see People v Milburn, 226 AD3d 927, 928-929). In any event, the challenged remarks constituted a fair comment on the evidence and the inferences to be drawn therefrom or were responsive to defense counsel's comments during summation (see People v O'Doherty, 236 AD3d 929, 930).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court