OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted, after a jury trial, of assault in the second degree. The charge arose from an altercation between defendant and complainant Boyd over Boyd’s aborted attempt to drive, for pay, defendant and a prostitute known as "Blondie” to a designated location. Defendant argues that he was entitled to an intoxication instruction pursuant to Penal Law § 15.25. Defendant and Boyd gave conflicting accounts of the struggle. Yet defendant admitted that he hit Boyd, excusing his actions because he "may have lost control” and that "[he] had a couple of drinks and [he] just got ripped off or whatever.” The officers testified that when they arrived, defendant continued to kick the prostrate Boyd, a much smaller man who was 64 years old. Supreme Court refused to instruct the jury on intoxication, and the Appellate Division held that defendant’s testimony was equivocal, that there was no evidence of the type, quantity or volume of defendant’s drinks, nor was there any indication of the specifics of defendant’s drinking prior to the event. Concluding that the evidence was insufficient to entitle defendant to the intoxication charge under the statute, that Court affirmed Supreme Court’s judgment. A Justice of the Appellate Division granted leave to appeal to this Court.
 

 We have held that "[w]here the issue on appeal is whether a
 
 *927
 
 particular theory of defense should have been charged to the jury, the evidence must be viewed in the light most favorable to the defendant”
 
 (see, People v Farnsworth,
 
 65 NY2d 734, 735). Evidence of intoxication, even under this standard, requires more than a bare assertion by a defendant that he was intoxicated. "A charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis”
 
 (see, People v Perry,
 
 61 NY2d 849, 850;
 
 see also, People v Rodriguez,
 
 76 NY2d 918, 920-921).
 

 Here, defendant failed to meet this relatively low threshold. Defendant’s evidence lacked requisite details tending to corroborate his claim of intoxication, such as the number of drinks, the period of time during which they were consumed, the lapse of time between consumption and the event at issue, whether he consumed alcohol on an empty stomach, whether his drinks were high in alcoholic content, and the specific impact of the alcohol upon his behavior or mental state
 
 (see, People v Rodriguez,
 
 76 NY2d 918, 921,
 
 supra).
 
 Nor did the prostitute’s statement that defendant was "high” or the police officer’s comments that defendant had glassy eyes and alcohol on his breath add sufficiently to defendant’s statements to warrant the intoxication instruction
 
 (id.).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.