■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR MARTINEZ, Appellant. [795 NYS2d 230]—

Judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered August 19, 2003, convicting defendant, after a jury trial, of two counts of burglary in the first degree, and sentencing him, as a persistent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

Defendant's challenge to the court's intoxication charge is unpreserved and we decline to review it in the interest of justice. Although there was a brief precharge colloquy concerning the relationship between intent and lack of memory, defendant's remarks were insufficiently specific to preserve the issue he raises on appeal, and the court never ruled on that issue (*see People v Whalen*, 59 NY2d 273, 280 [1983]). Were we to review this claim, we would find that the charge, read as a whole, conveyed the proper standards (*see People v Fields*, 87 NY2d 821 [1995]). The court correctly instructed the jury that whether

defendant was able to recall his actions or intent was distinct from whether, at the time of the incident, he was aware of his actions and had the intent to commit a crime. Nothing in the charge undermined defendant's argument that his asserted inability to recall the incident, allegedly induced by his use of prescription medicine and alcohol at the time of the crime, was evidence of the extent of his intoxication. In any event, were we to find any error in the intoxication charge, we would find it to be harmless in view of the overwhelming evidence that defendant entered the premises with criminal intent, and that his intent was not negated by his intoxication, if any. Concur—Buckley, P.J., Saxe, Ellerin, Nardelli and Williams, JJ.