■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SMITH, Appellant. [840 NYS2d 824]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered February 10, 2005, convicting him of murder in the second degree and aggravated criminal contempt, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the intoxication evidence in the light most favorable to the defendant (*see People v Farnsworth*, 65 NY2d 734 [1985]), we conclude, contrary to the Supreme Court, that an intoxication charge was warranted on the facts presented. The victim's mother testified that she saw the defendant drinking on the day of the murder. Another witness testified that in the evening of that day, at about 8:30 P.M. or 9:00 P.M., he observed the defendant approach a police car that had arrived at the home where the stabbing had recently occurred, exclaiming that he had stabbed the victim, and acting as if he were in a "state of shock," and "under the influence of some kind of alcohol." The latter witness also testified that early that morning, he had seen the defendant return from a store with a "whole fifth of vodka," from which he drank with at least one other resident of the home. The witness saw him drink "[a] cup" of vodka, but did not know how much he drank after that. Although two detectives who spoke with the defendant at the precinct testi-

fied that he was "walking fine," that they did not smell any alcohol on the defendant's breath, that he did not appear intoxicated, that his speech was fine, and he understood everything that was said, another detective who interviewed the defendant at the precinct following his arrest testified that while he did not appear intoxicated or "high" at that time, the defendant had been drinking because the detective could smell alcohol. With the foregoing in mind, we conclude that "there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Perry*, 61 NY2d 849, 850 [1984]; *cf. People v Gaines*, 83 NY2d 925, 926-927 [1994]). Accordingly, the Supreme Court erred in denying the defendant's request to charge the jury on the defense of intoxication, and thus, reversal is warranted.

In light of the foregoing determination, we need not reach the defendant's remaining contentions. Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.