Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 25, 2007, convicting defendant, after a jury trial, of criminal sexual act in the first degree (two counts), rape in the first degree and assault in the first degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 22 years to life, unanimously affirmed.
The court properly denied defendant’s request for an intoxication charge. The evidence, viewed in the light most favorable to defendant (see People v Farnsworth, 65 NY2d 734, 735 [1985]), was insufficient for a reasonable person to entertain a doubt as to the element of intent on the basis of intoxication (see People v Gaines, 83 NY2d 925, 926-927 [1994]). While there was evidence of defendant’s alcohol and marijuana consumption prior *360 to the incident, it did not support an inference that, at the actual time of the incident, defendant was so intoxicated as to be unable to form the requisite intent, especially since his “overall course of conduct showed that he was behaving purposefully” (People v Manning, 1 AD3d 241, 242 [2003], lv denied 1 NY3d 630 [2004]). Furthermore defendant’s testimony went beyond a mere assertion “that he was aware of his actions” (People v Perry, 61 NY2d 849, 851 [1984]), but completely negated any intoxication defense. Concur—Tom, J.E, Saxe, Sweeny, Catterson and DeGrasse, JJ.