[952 NE2d 1006, 929 NYS2d 14]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SIRICO, Appellant.

Argued May 4, 2011; decided June 7, 2011

## APPEARANCES OF COUNSEL

*Legal Aid Society, Appeals Bureau*, Riverhead (*John M. Dowden, Robert L. Cicale* and *Robert C. Mitchell* of counsel), for appellant.

*Thomas J. Spota, District Attorney*, Riverhead (*Anne E. Oh* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Following a jury trial, defendant was convicted of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]). The charges arose after defendant, an experienced archery hunter, shot an arrow from his compound bow towards his neighbor's yard, fatally striking the victim. On appeal, defendant principally contends that he was entitled to an intoxication charge (*see* Penal Law § 15.25). That section provides, in its entirety:

> "Intoxication is not, as such, a defense to a criminal charge; but in any prosecution for an offense, evidence of intoxication of the defendant may be offered by the defendant whenever it is relevant to negative an element of the crime charged."

An intoxication charge is warranted if, viewing the evidence in the light most favorable to the defendant, "there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Perry*, 61 NY2d 849, 850 [1984]; *see also People v Farnsworth*, 65 NY2d 734, 735 [1985]). A defendant may establish entitlement to such a charge "if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's ability to form the necessary criminal intent" (*People v Rodriguez*, 76 NY2d 918, 920 [1990]). Although a "relatively low threshold" exists to demonstrate entitlement to an intoxication charge, bare assertions by a defendant concerning his intoxication, standing alone, are insufficient (*People v Gaines*, 83 NY2d 925, 927 [1994]).

Here, there is insufficient evidence to support an inference that defendant was so intoxicated as to be unable to form the requisite criminal intent. Indeed, the uncontradicted record evidence, including defendant's own account, supports the conclusion that his overall behavior on the day of the incident was purposeful. Accordingly, defendant was not entitled to an intoxication charge.

We have reviewed defendant's remaining contentions and find them to be without merit.

JONES, J. (dissenting). It is uncontroverted that defendant, on the day of the criminal incident, consumed two large glasses (approximately 12 to 15 ounces each) of Southern Comfort whiskey and ingested a Xanax pill. Shortly thereafter, he threatened friends and neighbors with a bow and arrow, fired an arrow into the side of a truck, and then fatally shot the victim—actions that call into question defendant's state of mind. Thus, given this record evidence and the "relatively low threshold" a defendant is required to meet for entitlement to a jury charge of intoxication, I respectfully dissent and would reverse the Appellate Division.

*People v Perry* (61 NY2d 849, 850 [1984]) established that "[a] charge on intoxication should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis." Certainly, given the low evidentiary bar set for the entitlement to a charge of intoxication, that rule was subject to abuse and we have rejected conclusory and "bare assertion[s] by a defendant that he was intoxicated" (*People v Gaines*, 83 NY2d 925, 927 [1994]). Accordingly, there must be objective evidence in the record,

> "such as the number of drinks, the period of time during which they were consumed, the lapse of time between consumption and the event at issue, whether [the defendant] consumed alcohol on an empty stomach, whether his [or her] drinks were high in alcoholic content, and the specific impact of the alcohol upon his [or her] behavior or mental state" (*id.*).

The record evidence in this case satisfies the rule of *Perry* and *Gaines* and may serve to negate the mens rea element of intent for murder in the second degree (*see* Penal Law §§ 15.25, 125.25 [1]). Thus, it was error for the trial court to deny defendant's request for a charge of intoxication.

The People contend that defendant's testimony establishes that an issue with the mechanism of his prosthetic leg, and not intoxication, precipitated the fatal firing of the bow and arrow. However, it should be emphasized that in determining whether a theory of defense should be charged, a defendant is entitled to the "most favorable view of the record" (*People v Steele*, 26 NY2d 526, 529 [1970]), and a trial court is obligated to charge a theory of defense where it is supported by a reasonable view of the trial evidence (*see People v Butts*, 72 NY2d 746, 750 [1988]). Here, contrary testimony should not preclude the charge of intoxication where there is a reasonable view of the record evidence that would support such an instruction (*see Perry*, 61 NY2d at 850-851 [Court held that intoxication should be charged "although defendant testified that he was aware of his actions"]; *People v Smith*, 43 AD3d 475, 475-476 [2d Dept 2007] [court held that defendant was entitled to a charge of intoxication based on evidence that he was observed drinking vodka even though two detectives testified that he was "walking fine" and they did not detect any signs of inebriation]).

A trial court simply cannot forgo its obligation to properly charge a theory of defense when there is record support. Ultimately, whether a jury credits or discredits the testimony of defendant in rendering its factual determinations is a matter beyond our purview. But before reaching its final decision, the trier of fact should be presented with all relevant instructions, as supported by the record, for its due consideration.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur; Judge JONES dissents and votes to reverse in an opinion.

Order affirmed in a memorandum.