■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HUNTER, Appellant. [939 NYS2d 296]—

Defendant claims that his trial counsel rendered ineffective assistance when she requested an intoxication charge in an unrecorded colloquy, but abandoned the issue when the court did not deliver such a charge. Regardless of whether counsel should have followed up on her request, defendant has not established prejudice under either the state or federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

The victim testified that defendant declared that he was going to kill her, and acted in a purposeful manner when he struck her with a hammer. Furthermore, defendant testified that his

last use of drugs or alcohol was at least eight and a half hours before the incident. According to defendant's testimony, he essentially slept off a drug and alcohol binge, and he never claimed that the drug and alcohol consumption affected his actions.

Accordingly, there was no evidence that intoxication affected defendant's intent to cause serious physical injury (*see People v Sirico*, 17 NY3d 744 [2011]). Defendant has not shown that the court would have delivered an intoxication charge had counsel followed up on her request, and the court's decision on the CPL 440.10 motion indicates the contrary. Furthermore, defendant has not shown a reasonable probability that an intoxication charge would have been persuasive to the jury, so as to affect the outcome of the trial (*see Strickland*, 466 US at 694).

Defendant also claims that his counsel should have elicited additional evidence relating to intoxication. However, the proposed evidence would have had little or no chance of either persuading the court to charge intoxication, or persuading the jury to accept that defense.

We perceive no basis for reducing any of the sentences. Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ.