■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ILIA VELCHER, Appellant. [982 NYS2d 905]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered September 20, 2012, convicting him of criminal sexual act in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the Supreme Court improperly denied his request for a jury charge on intoxication. Viewing the intoxication evidence in the light most favorable to the defendant (*see People v Gaines*, 83 NY2d 925, 926-927 [1994]; *People v Farnsworth*, 65 NY2d 734 [1985]), we conclude that an intoxication charge was warranted on the facts presented.

The defendant was convicted of criminal sexual act in the first degree. The then-16-year-old complainant was the daughter of the defendant's paramour of 17 years, and the complainant had known the defendant as a family friend for many years. Approximately four days prior to the instant offense, the complainant's mother unexpectedly ended her 17-year relationship with the defendant and vacated the apartment in which they had just recently started living together. The defendant testified that as a result he began drinking alcohol to quell his sense of "stress and frustration." The defendant also testified that, prior to the breakup, he drank alcohol infrequently, and in small amounts. This testimony was corroborated by the complainant's mother.

According to the defendant, during the night or early morning before he committed the instant offense, he finished drinking a "big" bottle of vodka. Then, within the hour leading up to the crime, he "kept pouring cognac" in his coffee and drinking it. The complainant observed the defendant drinking cognac shortly before he committed the crime, and observed that he "smelled a little bit like" alcohol. Additionally, the complainant's mother knew that the defendant had a bottle of cognac in his possession because she had bought him a bottle as a gift.

The defendant further testified that, before he committed the acts constituting the instant offense, he "started to feel like out of [his] mind" and he did not have "control of the situation." The complainant testified that, before the defendant committed the criminal acts against her, he said several "weird" things to her and acted in a "weird" manner. She opined that the defendant "wasn't thinking" when he committed the instant offense.

With the foregoing in mind, we conclude that "there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Perry*, 61 NY2d 849, 850 [1984]; *see People v Sirico*, 17 NY3d 744, 745 [2011]; *People v Smith*, 43 AD3d 475, 475-476 [2007]; *cf. People v Gaines*, 83 NY2d at 927; *People v Rodriguez*, 92 AD3d 902, 903 [2012]; *People v Lynch*, 92 AD3d 805 [2012]; *People v Oddone*, 89 AD3d 868, 870 [2011], *revd on other grounds* 22 NY3d 369 [2013]; *cf. also People v Martinez*, 18 AD3d 343, 344 [2005]).

Contrary to the People's contention, intent is an element of criminal sexual act in the first degree, and " 'the intent required is the intent to perform the prohibited act—i.e., the intent to forcibly compel another to engage in [oral or] anal sexual conduct' " (*People v Ross*, 104 AD3d 878, 879 [2013], quoting *People v Williams*, 81 NY2d 303, 316-317 [1993]; *see People v Newton*, 8 NY3d 460, 462 [2007]; *People v Maldonado*, 254 AD2d 574 [1998]).

Accordingly, the Supreme Court erred in denying the defendant's request to give an intoxication charge to the jury, and thus, reversal and a new trial is warranted (*see People v Smith*, 43 AD3d at 476). Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.