■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. GOLDRING, Appellant. [19 NYS3d 87]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered December 20, 2012, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated March 29, 2013, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment of conviction rendered December 20, 2012.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment.

The defendant's convictions of assault in the second degree and criminal possession of a weapon in the fourth degree arise

out of an incident during which the defendant allegedly struck another man (hereinafter the complainant) with a metal pipe in the presence of the complainant's wife. Viewing the intoxication evidence in the light most favorable to the defendant (*see People v Farnsworth*, 65 NY2d 734 [1985]), we conclude, contrary to the Supreme Court's determination, that an intoxication instruction (*see* Penal Law § 15.25) was warranted (*see People v Smith*, 43 AD3d 475 [2007]). The complainant's wife testified that, just prior to the subject assault, she observed the defendant with a can of beer in his hand and that the defendant seemed drunk. She further testified that the defendant's breath smelled like beer, his speech was slurred, and that the defendant, with whom she was familiar, was "not himself." Under these circumstances, there is "sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Perry*, 61 NY2d 849, 850 [1984]). Accordingly, the Supreme Court erred in denying the defendant's request to give an intoxication instruction to the jury and, thus, reversal is warranted. Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.