(April 13, 2017)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUSTIN DAVIS, Appellant. [52 NYS3d 520]—

Devine, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 1, 2012, upon a verdict convicting defendant of the crimes of burglary in the second degree as a sexually motivated felony, sexual abuse in the second degree, forcible touching and endangering the welfare of a child.

The victim (born in 1996) and her family had been evicted from their home and, in August 2010, found themselves residing in a camper in the backyard of a family member's home. The victim was alone on the evening of August 3, 2010 when defendant—who had been visiting with friends at the nearby house—entered the camper without permission, awoke her and grabbed her breast and buttocks. She ran out of the camper in a disheveled state, alerted a relative and, in short order, her parents and the authorities had been notified of the incident. Defendant was eventually charged in an indictment with various offenses and, following a jury trial, he was convicted of burglary in the second degree as a sexually motivated felony, sexual abuse in the second degree, forcible touching and endangering the welfare of a child. County Court denied defendant's subsequent CPL 330.30 motion to set aside the verdict and sentenced him, as a second felony offender, to an aggregate prison term of eight years to be followed by post-release supervision of 20 years. Defendant appeals and we now affirm.

Defendant asserts that the victim's testimony was incredible as a matter of law and that, as a result, the verdict was not supported by legally sufficient evidence. The jury was made aware that the victim's trial testimony was inconsistent with her earlier accounts of the incident in several respects, such as the precise time that defendant accosted her, which breast he grabbed and whether a bonfire was burning outside at the time. The victim had always maintained, however, that defendant entered the camper uninvited, awoke her, then groped one of her breasts and her buttocks.

There was no physical evidence or eyewitness testimony confirming that the molestation occurred, but the victim's ac-

count was corroborated in other respects at trial. For instance, defendant asked a trial witness if anyone was in the camper and, learning that the victim was there, walked over to and entered it a few minutes later. The same witness stated that he walked over to the camper to see what defendant was doing and that, soon afterward, the partially clothed and visibly upset victim emerged from the camper and accused defendant of having touched her. Defendant promptly left the property but, before he did so, told another witness that he "had to get out of there because he had a split personality." The victim's testimony was accordingly not "contradicted by any compelling evidence offered by defendant so as to render it unworthy of belief or establish a basis upon which to disturb the jury's resolution of these credibility issues" (*People v Brooks*, 127 AD3d 1407, 1409 [2015] [internal quotation marks and citations omitted]; *see People v Din*, 110 AD3d 1246, 1247 [2013], *lv denied* 22 NY3d 1137 [2014]). The foregoing proof illuminates a valid path of reasoning from which a rational person could infer "that defendant intended to commit a crime when he entered the [13-year-old] victim's home and did so for his own sexual gratification" and, as such, the jury's verdict is founded upon legally sufficient evidence in all respects (*People v Judware*, 75 AD3d 841, 845 [2010], *lv denied* 15 NY3d 853 [2010]; *see* Penal Law §§ 130.52, 130.60 [2]; 130.91 [1]; 140.25 [2]; 260.10 [1]; *People v Danielson*, 9 NY3d 342, 349 [2007]).

Defendant also contends that, even if the victim's testimony could properly be considered, the verdict was against the weight of the evidence. It need only be said that, after reviewing the trial "evidence and considering it in a neutral light, while according deference to the jury's superior ability to evaluate credibility," we do not agree (*People v Brooks*, 127 AD3d at 1409; *see People v Din*, 110 AD3d at 1247-1248; *People v Judware*, 75 AD3d at 845).

Turning to defendant's argument that County Court erred in refusing to give an intoxication charge to the jury, he failed to provide "requisite details tending to corroborate his claim of intoxication, such as the number of drinks, the period of time during which they were consumed, the lapse of time between consumption and the event at issue, whether he consumed alcohol on an empty stomach, whether his drinks were high in alcoholic content, and the specific impact of the alcohol upon his behavior or mental state" (*People v Gaines*, 83 NY2d 925, 927 [1994]; *see People v Beaty*, 22 NY3d 918, 921 [2013]). Defendant had been drinking and smoking marihuana in the hours before the incident, but there was no proof that tended

to quantify his consumption or demonstrate his impairment at the time the charged offenses occurred. Indeed, the trial evidence reveals acts by defendant that are suggestive of intent and not impairment, such as asking who was in the camper and then walking over to it and seeking out the victim in bed (*see People v Beaty*, 22 NY3d at 921). Inasmuch as defendant provided little beyond the bare claim "that he was intoxicated," County Court was correct to reject his request for an intoxication instruction (*People v Gaines*, 83 NY2d at 927; *see People v Sturdevant*, 74 AD3d 1491, 1493 [2010], *lv denied* 15 NY3d 810 [2010]; *People v Maxwell*, 260 AD2d 653, 653-654 [1999], *lv denied* 93 NY2d 1004 [1999]).

As for defendant's contention that the verdict should have been set aside due to juror misconduct, we are unpersuaded. Defendant relied, in relevant part, upon the claims of an individual who had dated a juror's aunt and averred that the aunt had previously dated defendant, harbored a grudge against defendant and had engaged in conversations with the juror about defendant's case while the trial was ongoing. County Court responded by holding a hearing in which it became clear that the ex-boyfriend made his accusations after an acrimonious breakup with the aunt and had no direct knowledge of what, if anything, the aunt had done or said to persuade the juror to find defendant guilty. County Court therefore found the ex-boyfriend's testimony to be incredible, leaving defendant's contentions of misconduct unsupported. County Court further found that, notwithstanding its reservations regarding the testimony of the juror and her aunt, the two women credibly stated that there was no "scheme" to convict defendant and that no one had attempted to improperly influence the juror during the trial. Thus, deferring to the credibility assessments of County Court (*see People v Douglas*, 57 AD3d 1105, 1106 [2008], *lv denied* 12 NY3d 783 [2009]), we perceive no abuse of discretion in its determination that defendant had not shown "improper conduct by a juror, or improper conduct by another person in relation to a juror," that resulted in substantial prejudice to him (CPL 330.30 [2]; *see People v Rodriguez*, 100 NY2d 30, 35-36 [2003]; *People v Wilson*, 93 AD3d 483, 485 [2012], *lv denied* 19 NY3d 978 [2012]; *People v Richardson*, 185 AD2d 1001, 1002 [1992], *lv denied* 80 NY2d 976 [1992]; *cf. People v Giarletta*, 72 AD3d 838, 839 [2010], *lv denied* 15 NY3d 750 [2010]).

Lastly, in view of the conduct for which defendant was convicted and his prior criminal history, the aggregate sentence imposed was not harsh or excessive.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the judgment is affirmed.