People v Flynn (2018 NY Slip Op 06935)





People v Flynn


2018 NY Slip Op 06935


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-05600
 (Ind. No. 1887/15)

[*1]The People of the State of New York, respondent,
v
Dylan Flynn, appellant.


Stephen N. Preziosi, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered March 15, 2017, convicting him of aggravated sexual abuse in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
In June 2015, while living in Florida, the defendant, a member of the United States Navy, was accused of a single act of rape in violation of Article 120 of the Uniform Code of Military Justice (hereinafter UCMJ) (10 USC § 920).
During an interview with an investigator from the Naval Criminal Investigation Service (hereinafter NCIS), the defendant's accuser sent texts to the cell phone number the defendant allegedly provided her, and it appeared that the defendant responded to her messages. The NCIS investigator obtained a Command Authorization for Search and Seizure (hereafter CASS) based on his supporting affidavit, in which he stated that he believed that probable cause existed that the defendant violated UCMJ Article 120, and that evidence of that violation, particularly in the form of texts, was located on the defendant's cell phone.
After interviewing the defendant, the NCIS investigator informed the defendant that he had a CASS to search the defendant's cell phone. The defendant cooperated with the investigator, giving the investigator his cell phone and the passcode to unlock it. When the defendant asked how long his cell phone would be held, the NCIS investigator replied, "It could be a very long time." The investigator then told the defendant the cell phone might be returned sooner if he consented to a search of the cell phone's contents. The defendant expressed interest in consenting to the search and signed a Permissive Authorization for Search and Seizure form (hereafter PASS). The PASS stated that the defendant understood his constitutional right to refuse to permit the search, and gave his permission to NCIS to conduct forensic reviews of all digital storage media and data files, regardless of their format, contained in his cell phone.
Upon analysis of the data in the cell phone, videos of an unconscious woman being sexually assaulted were discovered. Metadata attached to the video files indicated that the videos were taken on June 30, 2014, in Suffolk County. Based upon these videos and the investigation that followed, the defendant was charged with two counts of aggravated sexual assault in the third degree.
After a suppression hearing, the County Court determined that (1) the CASS provided authorization for the lawful seizure of the defendant's cell phone, (2) the defendant freely and voluntarily consented to the search of the contents of the cell phone, and (3) there was no evidence that the defendant was coerced into signing the PASS.
We agree with the County Court's denial of suppression of the videos found on the defendant's cell phone. Initially, the defendant's contention that the court failed to conduct a choice-of-law analysis lacks merit. "The first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved" (Matter of Allstate Ins. Co. [Stolarz-New Jersey Mars. Ins. Co.], 81 NY2d 219, 223). There is no conflict between the UCMJ and New York search and seizure law as applicable to this case (see generally Riley v California, _____ US _____, 134 S Ct 2473; People v Moxley, 137 AD3d 1655; United States v Wicks, 73 MJ 93; US Const Amend IV; NY Const, art I, § 12; Mil R Evid 315[f]).
Probable cause requires information sufficient to support a reasonable belief that evidence of a crime may be found in a certain place (see People v Bigelow, 66 NY2d 417; People v Murray, 136 AD3d 714; United States v Hoffmann, 75 MJ 120, 125; Mil R Evid 315[f][2]). Consent to search is voluntary when it is a true act of the will, an unequivocal product of an essentially free and unconstrained choice (see People v Barnes, 129 AD3d 981). "Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle" (People v Gonzalez, 39 NY2d 122, 128; see People v Quagliata, 53 AD3d 670, 671; People v Packer, 49 AD3d 184, 187, affd 10 NY3d 915). In assessing the voluntariness of a defendant's consent, the court should consider the totality of the circumstances, including whether the defendant was in custody or under arrest, whether the defendant was confronted by a large number of police agents, whether the defendant had been evasive or uncooperative prior to giving consent, the past experience of the defendant in dealing with law enforcement, and whether the defendant was advised of the right to refuse consent (see People v Gonzalez, 39 NY2d at 127-130; People v Barnes, 129 AD3d 981). " The standard for measuring the scope of a suspect's consent . . . is that of "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?'" (People v Calvo, 1 AD3d 605, 605, quoting Florida v Jimeno, 500 US 248, 251).
In this case, probable cause existed to seize the defendant's cell phone, as there was a reasonable belief that text messages linking the defendant to the violation being investigated by the NCIS were stored on the defendant's cell phone. Further, the record supports the hearing court's determination that the defendant voluntarily consented to the search of the contents of his cell phone, and the search did not exceed the scope of his consent. The defendant was not in custody at the time of his consent. He was being cooperative, and was accompanied by only one NCIS investigator when he executed the PASS, which advised him of his right to refuse consent and that he was consenting to a search of the entire contents of his cell phone. Contrary to the defendant's contention, there is no evidence in the record that his consent was the product of coercion. He did not acquiesce to authority; he voluntarily consented to the search of the contents of his cell phone in the hope that the cell phone would be returned to him sooner.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of two counts of aggravated sexual abuse in the third degree as an accessory (see Penal Law § 20.00).
Contrary to the defendant's contention, the County Court did not err in declining to give an intoxication charge to the jury (see Penal Law § 15.25). "A defendant may establish entitlement to such a charge if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's [*2]ability to form the necessary criminal intent'" (People v Sirico, 17 NY3d 744, 745, quoting People v Rodriguez, 76 NY2d 918, 920; see People v Lynch, 92 AD3d 805, 806). Here, viewing the evidence in the light most favorable to the defendant, there was insufficient evidence to support an inference that the defendant was so intoxicated as to be unable to form the requisite criminal intent (see People v Sirico, 17 NY3d at 746; People v Gaines, 83 NY2d 925, 926-927; People v Lynch, 92 AD3d at 806).
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court