People v Juarez (2019 NY Slip Op 03990)





People v Juarez


2019 NY Slip Op 03990


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2014-07706
 (Ind. No. 6664/12)

[*1]The People of the State of New York, respondent,
v
Miguel Juarez, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. DelGiudice, J.), rendered July 17, 2014, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
At approximately 4:00 a.m. on July 14, 2012, the defendant and a codefendant stabbed and killed a person (hereinafter the victim) outside of a bar in Brooklyn. The defendant and the codefendant then fled the scene. Two eyewitnesses to the stabbing called 911. The defendant and the codefendant were apprehended two weeks later after one of the eyewitnesses recognized them in a store and contacted the police. After a jury trial, at which the eyewitnesses testified, the defendant and the codefendant were convicted of murder in the second degree. The defendant appeals.
The defendant correctly contends that the Supreme Court should not have allowed the People to elicit testimony from one of the eyewitnesses that, while he was testifying, he felt intimidated by a courtroom spectator who allegedly was a member of the codefendant's gang (see People v Serrano, 166 AD3d 1020, 1021; People v Vargas, 154 AD3d 971, 973; People v Ya-ko Chi, 72 AD3d 709, 710; People v Brooks, 292 AD2d 540, 541; People v Ramdowe, 204 AD2d 663, 664; People v Brabham, 77 AD2d 626). However, this error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the alleged error contributed to his conviction (see People v Crimmins, 36 NY2d 230, 243; People v Brooks, 292 AD2d at 541; People v Ramdowe, 204 AD2d at 664).
We agree with the Supreme Court's determination to decline to give an intoxication charge to the jury. "A defendant may establish entitlement to such a charge if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's ability to form the necessary criminal intent'" (People v Flynn, 165 AD3d 973, 976, quoting People v Sirico, 17 NY3d 744, 745; see People v Gaines, 83 NY2d 925, 927; People v Perry, 61 NY2d 849, 850). Here, viewing the evidence in the light most favorable to the defendant, there was insufficient evidence that the defendant was so intoxicated that [*2]a reasonable person could determine that the defendant was unable to form the requisite criminal intent (see People v Gaines, 83 NY2d at 927; People v Beaty, 22 NY3d 918, 921; People v Sirico, 17 NY3d at 745).
Finally, the defendant's contention that he was deprived of a fair trial by improper remarks made by the prosecutor during the opening statement and summation is without merit. Many of the challenged remarks were "within the broad bounds of rhetorical comment permissible in closing arguments, fair response to arguments made by defense counsel in summation, or fair comment upon the evidence" (People v Marks, 128 AD3d 852, 853; see People v Alphonso, 144 AD3d 1168, 1168). To the extent that the prosecutor made improper remarks during the opening statement and summation, those remarks "were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial" (People v Alphonso, 144 AD3d at 1168-1169; see e.g. People v Crimmins, 36 NY2d at 243; People v Adamo, 309 AD2d 808, 809).
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court