People v Sabirov (2020 NY Slip Op 03378)





People v Sabirov


2020 NY Slip Op 03378


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-11381
 (Docket No. 2015KN076027)

[*1]The People of the State of New York, respondent,
v
Sandjar Sabirov, appellant.


Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered March 17, 2017, convicting him of forcible touching (two counts) and sexual abuse in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial.
The defendant was convicted of two counts of forcible touching and two counts of sexual abuse in the third degree for grabbing the buttocks of two females while inside a subway station.
Contrary to the determination of the Supreme Court, an intoxication charge was warranted (see People v Perry, 61 NY2d 849, 850-851; People v Smith, 43 AD3d 475, 475-476). An intoxication charge should be given if sufficient evidence of the defendant's intoxication is in the record for a reasonable person to entertain doubt as to the element of intent (see People v Perry, 61 NY2d at 850; People v Smith, 43 AD3d at 475-476). Here, viewing the evidence in the light most favorable to the defendant (see People v Farnsworth, 65 NY2d 734, 735; People v Goldring, 133 AD3d 684, 685), although each of the complainants testified at trial that the defendant did not stumble, slur his speech, or otherwise appear intoxicated and the arresting officer testified that he did not recall if the defendant appeared intoxicated at the time of arrest, the record contains other evidence that the defendant was intoxicated at the time of the incident and the court excluded admissible evidence that also supports the defendant's request for an intoxication charge.
The arresting officer testified that when each of the complainants identified the defendant to him at the scene, the defendant was leaning against a wall and did not attempt to run away. The officer further testified that he wrote in his "paperwork" that the defendant was intoxicated and that the reason he did not issue a desk appearance ticket informing the defendant when he was to return to court was because, according to his paperwork, the defendant was intoxicated. Moreover, the defendant testified that, on the day at issue, he argued with his wife, consumed 150 grams of vodka on an empty stomach and purchased additional beer to drink. He also [*2]testified that he did not remember how much beer he drank or what happened next, and that when he "was conscious," he was at the police station. The defendant's testimony, coupled with the arresting officer's testimony, was sufficient evidence to support the defendant's request for an intoxication charge (see People v Velcher, 116 AD3d 799, 800).
The defendant also sought to introduce as a business record a Desk Appearance Ticket Investigation form (hereinafter the DAT form) which contains information from the arresting officer at the time of the arrest. Specifically, the DAT form contains the arresting officer's notation, "intox," and a box checked by the arresting officer indicating "under the influence of drugs/marihuana to the degree that he may endanger himself or others." The arresting officer testified that he had completed the form in his own handwriting. As the defendant contends, the trial court should have allowed the defendant to introduce the DAT form as an admissible business record of the Police Department (see CPLR 4518[a]; CPL 60.10; People v Mullings, 83 AD3d 871, 871-872; People v Steward, 54 AD3d 880, 882). The DAT form should not have been excluded at trial, and it is evidence that, notwithstanding the arresting officer's testimony that the defendant did not stumble, slur his speech, or vomit at the time of the arrest, the officer assessed that the defendant was intoxicated (see People v Mullings 83 AD3d at 871-872; People v Steward, 54 AD3d at 882).
The defendant likewise sought to introduce an Early Case Assessment Bureau sheet (hereinafter the ECAB sheet) apparently created by the Police Department or the District Attorney's office, as well as the testimony of the individual who created it to establish the foundation for its admission as a business record. The ECAB sheet supports the defendant's request for an intoxication charge and also provides a basis for impeachment of the arresting officer's testimony as to his perceptions of the defendant's condition at the time of the arrest. The ECAB sheet contains the statement that the defendant "appeared to be intoxicated, and did not appear to understand why [he] was being arrested." This document, which includes statements from the arresting officer, is potentially admissible as a business record of either the Police Department or the District Attorney's office. Upon objection by the People to its admission, the court should have granted the defendant's request to elicit the testimony of the individual who created the document in order to lay an evidentiary foundation by establishing that "each participant in the chain producing the record, from the initial declarant to the final entrant, [was] acting within the course of regular business conduct" (Memenza v Cole, 131 AD3d 1020, 1022). The defendant should also have had the opportunity to try to establish that any statements in the ECAB sheet attributed to the arresting officer might themselves qualify as exceptions to the hearsay rule. Had the defendant been permitted to explore the circumstances under which the ECAB sheet was created, the defendant may have established that the statements contained in the ECAB sheet were admissible for the truth of those statements (see Matter of Leon R.R., 48 NY2d 117, 122-123).
The error in precluding the defendant from having the DAT form admitted and seeking the admission of the ECAB sheet and the testimony of the witness whom the defense sought to call to lay the foundation for admission of the ECAB sheet, which if admitted would provide additional evidence of the need for an intoxication charge as well as evidence that could have been used to impeach the arresting officer, cannot be deemed harmless (see People v Mullings, 83 AD3d at 872; People v Steward, 54 AD3d at 882; see generally People v Crimmins, 36 NY2d 230, 241). Under these circumstances, since there was sufficient evidence of intoxication for a reasonable person to entertain doubt as to the element of intent on that basis, the judgment must be reversed (see People v Perry, 61 NY2d at 850; People v Smith, 43 AD3d at 476).
Although the defendant has completed his term of incarceration, we remit the matter to the Supreme Court, Kings County, pursuant to CPL 470.20, for a new trial (see People v Allen, 39 NY2d 916, 917-918; People v Nunez, 176 AD3d 532, 532-533).
We agree with the Supreme Court's determination to admit into evidence a statement made by one of the complainants to the other within minutes of the incident under the excited utterance exception to the hearsay rule (see People v Hernandez, 28 NY3d 1056, 1057; People v Hibbert, 134 AD3d 957, 957).
The record does not establish that the defendant was deprived of his right to the effective assistance of counsel (see People v Baldi, 54 NY2d 137, 147; see also Strickland v Washington, 466 US 668, 694).
In light of our determination, the defendant's remaining contentions are academic.
AUSTIN, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court