People v Adrian (2022 NY Slip Op 05896)

People v Adrian

2022 NY Slip Op 05896

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

112597
[*1]The People of the State of New York, Respondent,
v
Raymond Adrian, Appellant.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

David E. Woodin, Catskill, for appellant.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Greene County (Terry J. Wilhelm, J.), rendered September 11, 2020, upon a verdict convicting defendant of the crime of assault in the second degree.
Defendant was charged by indictment with assault in the second degree in connection with an altercation that occurred on November 17, 2018, at Brennan's Bar in the Town of Coxsackie, Greene County, that caused the victim serious injury. Following a jury trial, defendant was convicted as charged. After defendant unsuccessfully moved to set aside the verdict, County Court sentenced him to a prison term of five years followed by a period of postrelease supervision. Defendant appeals.
Defendant contends that County Court erred in its denial of his request for a jury charge on intoxication. "To warrant the submission of an intoxication charge to a jury, there must be sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (People v Burks, 172 AD3d 1640, 1643 [3d Dept 2019] [internal quotation marks and citations omitted], lv denied 33 NY3d 1102 [2019]; see Penal Law § 15.25; People v Rodriguez, 76 NY2d 918, 920 [1990]). When making the determination as to whether an intoxication charge is warranted, the evidence must be viewed "in the light most favorable to the defendant" (People v Sirico, 17 NY3d 744, 745 [2011]). "[A]lthough a relatively low threshold exists to demonstrate entitlement to an intoxication charge" (People v Duffy, 119 AD3d 1231, 1234 [3d Dept 2014] [internal quotation marks and citations omitted], lv denied 24 NY3d 1043 [2014]), "[e]vidence of intoxication, even under this standard, requires more than a bare assertion by a defendant that he [or she] was intoxicated" (People v Gaines, 83 NY2d 925, 927 [1994]; see People v Burks, 172 AD3d at 1643).
Testimony at trial demonstrated that, approximately an hour prior to the altercation, defendant walked into the bar holding a large bottle of Heineken beer, which the bartender said could not be brought into the bar. Although the bartender testified that defendant was not intoxicated, she admitted that she cut him off after serving him only two drinks. Additionally, another witness testified that, prior to serving defendant, the bartender inquired as to whether he had a designated driver. Multiple witnesses described defendant, prior to the altercation, as being loud, obnoxious and argumentative. Specifically, that he argued with the bartender over details on a poster advertising a benefit, just prior to suggesting to the victim that they "step outside." Testimony also revealed that the bartender and the victim, who is the bartender's fiancÉ, were intoxicated the night of the incident, both having consumed alcohol and the victim having also used cocaine.
Although this testimony, standing alone, may not be sufficient to meet the "relatively low threshold" necessary for an intoxication charge (People v Rodriguez, 76 [*2]NY2d at 920), we cannot ignore the video evidence that was admitted at trial. This video evidence depicts a man, who appears to be defendant, at the bar earlier in the day, drinking beer and playing pool for approximately two hours. The way this man appears to behave in the earlier video is in stark contrast to how defendant behaved when returning to the bar later that night. Most notably, earlier in the day he is playing pool and appears to be quite calm and getting along with other patrons, but later in the night, upon his return, he has an unsteady gait and is depicted gesturing wildly and becoming irate just prior to exiting the bar, at which time the altercation occurred. Although the People correctly indicate that no witness affirmatively identified the man who was at the bar earlier in the day as defendant, similarly, no one identified the man in the later video specifically as defendant. However, this Court, having viewed the video, can certainly see the striking similarities between the man that was in the bar earlier and the man who was there later, including that the man was of the same general size and body composition and was wearing the same clothes. Certainly, it would not be unreasonable to ask the jury, which also was able to view all of the video evidence and personally observe defendant in the courtroom, to consider whether that was the same person.
"[V]iewing the evidence in the light most favorable to the defendant, there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (People v Sirico, 17 NY3d at 745 [internal quotation marks and citation omitted]). Here, in proving assault in the second degree, the People had the burden of establishing that defendant possessed the intent to "cause serious physical injury to another person" (Penal Law § 120.05 [1]). Although there was testimony that defendant was loud and obnoxious and was arguing with the bartender about the benefit poster just prior to the altercation, there was no testimony regarding interactions between the victim and defendant just prior to the altercation, which could have left a question in the jurors' minds as to defendant's intent and how things escalated as quickly as they did (compare People v Beaty, 22 NY3d 918, 921 [2013]).[FN1] The testimony at trial regarding defendant entering the bar with a beer, consuming two more drinks prior to being refused service, coupled with the surveillance footage, established that the suspect consumed multiple alcoholic beverages within a short period of time prior to the assault (compare People v Davis, 149 AD3d 1246, 1247-1248 [3d Dept 2017], lv denied 29 NY3d 1125 [2017]). Moreover, as noted herein, the surveillance footage revealed that someone looking strikingly similar to defendant consumed several alcoholic beverages hours before the assault and that, upon returning to the bar, exhibited markedly different behavior from earlier in the [*3]evening. Additionally, as defendant argues, the People's expert witness testified that consumption of alcohol in excess can alter one's personality, which supported his theory of voluntary intoxication. "Under these circumstances, since there was sufficient evidence of intoxication for a reasonable person to entertain doubts as to the element of intent on that basis, the judgment must be reversed" (People v Sabirov, 184 AD3d 714, 717 [2d Dept 2020]; compare People v Rodriguez, 76 NY2d at 920-921; People v Davis, 149 AD3d at 1248).
We also agree with defendant's contention that County Court erred in denying his request for an adjournment subsequent to being informed, after the commencement of jury selection, that the People had just learned of additional video footage from the bar; reversal is required on that basis as well. To that end, this video evidence depicts approximately 28 hours of additional footage as well as additional camera angles from what had already been disclosed to defendant. Without an adjournment, defense counsel, after the trial had already commenced, was being asked to somehow review 28 hours of footage in one evening.[FN2] Accordingly, given that it was unreasonable to task defense counsel with reviewing 28 hours of video in half that time, it is our opinion that County Court abused its discretion in denying defendant's request for an adjournment.
Garry, P.J., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, and matter remitted to the County Court of Greene County for a new trial.

Footnotes

Footnote 1: Given that the jury was instructed on the lesser included crime of assault in the third degree (Penal Law § 120.00), and because of the severity of the victim's injuries, defendant's intent was of particular importance (see generally People v Heiserman, 204 AD3d 1249, 1250 [3d Dept 2022], lv granted 38 NY3d 1075 [2022]).

Footnote 2: We note the importance of this additional footage given that, as discussed above, it depicts defendant at the bar earlier in the day and bore on defense counsel's theory of the case such that his inability to view the same would deprive him of a fair trial (see People v Spears, 64 NY2d 698, 699-700 [1984]).