People v Williams (2022 NY Slip Op 07462)

People v Williams

2022 NY Slip Op 07462

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-04597
 (Ind. No. 827/17)

[*1]The People of the State of New York, respondent,
v
Brian Williams, appellant.

Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), rendered April 10, 2019, convicting him of robbery in the second degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the court properly granted the People's reverse-Batson challenge (see Batson v Kentucky, 476 US 79; People v Kern, 75 NY2d 638) with respect to the defense's peremptory challenge as to one particular juror. The court's determination that the facially race-neutral reasons given for the defendant's peremptory challenge to that particular juror were pretextual is entitled to great deference on appeal and will not be disturbed where, as here, the determination is supported by the record (see People v Stokes, 140 AD3d 800, 801; People v Carrington, 105 AD3d 970, 970; People v Scott, 70 AD3d 978, 980; People v Fortunato, 59 AD3d 735).
The Supreme Court properly declined to give an intoxication charge to the jury. "An intoxication charge is warranted if, viewing the evidence in the light most favorable to the defendant, 'there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis'" (People v Sirico, 17 NY3d 744, 745, quoting People v Perry, 61 NY2d 849, 850). "A defendant may establish entitlement to such a charge 'if the record contains evidence of the recent use of intoxicants of such nature or quantity to support the inference that their ingestion was sufficient to affect defendant's ability to form the necessary criminal intent'" (People v Sirico, 17 NY3d at 745, quoting People v Rodriguez, 76 NY2d 918, 920; see People v Arcila, 177 AD3d 585, 586; People v Flynn, 165 AD3d 973, 976). Here, viewing the evidence in the light most favorable to the defendant, there was insufficient evidence that he was so intoxicated that a reasonable person could determine that the defendant was unable to form the requisite criminal intent (see People v Gaines, 83 NY2d 925, 927; People v Rodriguez, 76 NY2d at 921; People v Juarez, 172 AD3d 1231, 1232; People v Flynn, 165 AD3d at 976).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court