People v Cruz (2023 NY Slip Op 00824)

People v Cruz

2023 NY Slip Op 00824

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 

Ind. No. 3387/18 Appeal No. 17316 Case No. 2020-01783 

[*1]The People of the State of New York, Respondent,
v
Steven Cruz, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Sean Nuttall of counsel), and Cleary Gottlieb Steen & Hamilton LLP, New York (Sela Brown of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Molly Morgan of counsel), for respondent.

Judgment of the Supreme Court, New York County (Cassandra M. Mullen, J.), rendered February 5, 2020, convicting defendant, after a jury trial, of burglary in the first degree and sentencing him, as a second violent felony offender, to a term of 13 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supported the inference that defendant entered an apartment with intent to commit a crime. Defendant pushed his way into an apartment as one of its occupants opened the door, and defendant immediately began punching her in the face. After a struggle with her adult son and being ejected by the occupants of the apartment, defendant threatened to come back with his friends and assault everyone inside. Defendant then returned with two other men and pounded on the door until the police arrived on the scene.
Defendant did not preserve his challenge to the legal sufficiency of the evidence supporting the element of knowledge that his entry was unlawful, and we decline to review it in the interest of justice. As an alternative holding, we reject that sufficiency claim, and likewise find that the verdict was not against the weight of the evidence as to the element of knowledge. Even assuming, as defendant asserts, that he initially mistook this apartment for a friend's apartment on a different floor, the evidence shows that he forced his way in after it was made clear to him that he was not permitted to enter. Furthermore, the jury could have reasonably concluded that defendant's intoxication did not negate any element (see generally People v Sirico, 17 NY3d 744, 746 [2011]). Intoxication may have contributed to defendant's behaving outrageously, without any rational motive or purpose, but it did not negate his intent to cause the natural and probable consequences of his acts, including injury to the victim as the result of being punched.
Defendant's claim that the court should have permitted defendant's brother to testify about an unspecified statement by defendant, which the court apparently excluded as hearsay following an unrecorded conference, is unreviewable for lack of a sufficient record (see People v Kinchen, 60 NY2d 772, 774 [1983]). Regardless of what offer of proof defense counsel may have made at the unrecorded conference, this Court cannot determine, without knowing the content of the statement, whether it was admissible as evidence of defendant's state of mind. Defendant did not preserve his claim that he was constitutionally entitled to introduce this statement (see People v Lane, 7 NY3d 888, 889 [2006]; see also Duncan v Henry, 513 US 364, 366 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we find that claim to be likewise unreviewable.
The People's remark in summation that the defense [*2]had conceded a knowingly unlawful entry was, in context, a permissible response to the defense summation, and was in any event not so egregious as to warrant reversal (see e.g. People v Morgan, 66 NY2d 255, 259 [1985]). Defendant did not preserve his other challenges to statements made by the prosecutor during jury selection and his opening statement and summation, and we decline to review them in the interest of justice. As an alternate holding, we do not find any ground for reversal.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023