People v Johnson (2024 NY Slip Op 05313)

People v Johnson

2024 NY Slip Op 05313

Decided on October 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2024

Before: Singh, J.P., Pitt-Burke, Higgitt, Rosado, O'Neill Levy, JJ. 

Ind. No. 1376/20 Appeal No. 2917 Case No. 2022-02008 

[*1]The People of the State of New York, Respondent,
v
Austin Johnson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Max Bernstein of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered May 4, 2022, as amended on May 10, 2022, convicting defendant, after a jury trial, of criminal sexual act in the first degree and assault in the second degree, and sentencing him to an aggregate term of 15 years, followed by 20 years of postrelease supervision, unanimously affirmed.
The court correctly denied defendant's request for an intoxication charge because he failed to present "sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis" (People v Sirico, 17 NY3d 744, 745 [2011]). While the victim testified that defendant was very drunk, defendant presented no details regarding the "number of drinks he had" "whether he consumed alcohol on an empty stomach, whether his drinks were high in alcoholic content, [or] the specific impact of the alcohol upon his behavior or mental state" (People v Gaines, 83 NY2d 925, 927 [1994]; compare People v Velcher, 116 AD3d 799 [2d Dept 2014], lv denied 24 NY3d 1047 [2014]). Additionally, the evidence of "the period of time during which [the drinks] were consumed" and "the lapse of time between consumption" and the attack was vague (Gaines, 83 NY2d at 927). In any event, any error was harmless because there was overwhelming evidence of defendant's intent, and there was no significant probability that the jury would have acquitted defendant had it been given an intoxication charge (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; see e.g. People v Martinez, 18 AD3d 343, 344 [1st Dept 2005], lv denied 5 NY3d 808 [2005]).
The court should have granted defendant's request for an adverse inference charge based on the People's failure to disclose the property voucher from defendant's cell phone (see CPL 245.20[1][m]; 245.80[1]; People v Handy, 20 NY3d 663, 665 [2013]). Because the police destroyed the evidence by selling defendant's phone at auction, the adverse inference charge was "mandatory upon request" (People v Viruet, 29 NY3d 527, 532 [2017]). However, we find that this error was harmless (see id. at 533).
Defendant failed to preserve his claim that the People committed a Brady violation (see People v Anderson, 205 AD2d 399, 400 [1st Dept 1994], lv denied 84 NY2d 932 [1994]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2024