■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MCEACHERN, Appellant. [50 NYS3d 59]—

Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered July 7, 2016, convicting defendant, after a jury trial, of reckless endangerment in the second degree and prohibited use of weapons (eight counts), and sentencing him

to a conditional discharge for a period of one year, with a $1,000 fine and community service, unanimously affirmed.

Defendant's legal sufficiency claim relating to his reckless endangerment conviction is unpreserved (*see People v Hines*, 97 NY2d 56, 61 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence with regard to any of the charges (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determination that shots were fired by defendant, and not the driver of the car in which defendant was riding. Defendant's creation of a risk of, at least, serious physical injury was abundantly established by evidence that, while in an intoxicated state, he fired a pistol out of the window of a moving car eight times while in a densely populated area. The record fails to support defendant's assertion that the shots were fired in a manner that was unlikely to injure anyone.

The court providently exercised its discretion in admitting a sufficiently authenticated video recording showing footage obtained from two surveillance cameras (*see generally People v Patterson*, 93 NY2d 80, 84-85 [1999]). The driver testified that he was able to recognize his own car in the video, and the totality of the evidence provided by the driver and the police lieutenant who obtained the videotape supported the inference that it was taken at the relevant time and place. The court's instructions provided the jury with suitable guidance regarding the videotape, and, in the circumstances presented, the alleged uncertainty about whether the videotape depicted the events at issue went to the weight to be accorded the evidence rather than its admissibility. In any event, we find that any error in admitting the video, stills therefrom, and related testimony was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant contends that, in summation, the prosecutor mischaracterized testimony about whether defendant and his friend, the man driving the car at the time of the shooting, were "horsing around" when defendant fell into some trash cans shortly before the incident, or whether the friend flung defendant into the trash cans. Defendant further contends that the prosecutor's argument that the friend would not have had time in which to fire shots out of his window while driving the car was unsupported by evidence. However, we find that these comments were supported by the testimony, and that any impropriety was not so egregious as to deprive defendant of his

right to a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]).

Defendant did not preserve his remaining challenges to the prosecutor's summation, or his challenges to evidence regarding the police patrol guide and related disciplinary procedures, and to the court's charge, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.