People v Smith (2018 NY Slip Op 02130)





People v Smith


2018 NY Slip Op 02130


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


6100 3880/13

[*1]The People of the State of New York, Respondent,
v
Kendreth Smith, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Samuel E. Steinbock-Pratt of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered August 4, 2016, convicting defendant, after a jury trial, of reckless endangerment in the first degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The fact that defendant was acquitted of arson but convicted of reckless endangerment relating to the multiple fires in his apartment does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]). Defendant's conduct supported the inference that he acted with depraved indifference to whether other residents of his building would die as a result of these fires (see People v Barboni, 21 NY3d 393, 400-402 [2013]).
The court properly denied defendant's request for an intoxication charge. The evidence, viewed in the light most favorable to defendant, was insufficient to allow a reasonable person to entertain a doubt as to whether defendant was so intoxicated at the time of the fires as to negate the mental state of depraved indifference (see People v Sirico, 17 NY3d 744, 746 [2011]; People v Gaines, 83 NY2d 925, 927 [1994]).
The court providently exercised its discretion in admitting into evidence video recordings obtained from surveillance cameras located inside defendant's apartment building, because witnesses provided sufficient authentication under the circumstances (see People v Patterson, 93 NY2d 80, 84 [1999]; People v McEachern, 148 AD3d 565, 566 [1st Dept 2017], lv denied 29 NY3d 1083 [2017]).
Defendant was not deprived of his right to present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]) by the court's preclusion of evidence relating to a fire that occurred the day after the events for which defendant was charged. Defendant's theory that this evidence tended to show that the additional fire occurred spontaneously, and that the charged fires, in turn, also occurred spontaneously rather than being set by defendant, was entirely speculative, and the court providently exercised its discretion in excluding it (see People v Powell, 27 NY3d 523, 531 [2016]; People v Primo, 96 NY2d 351, 357 [2001]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we [*2]find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK