People v Reed (2019 NY Slip Op 01342)





People v Reed


2019 NY Slip Op 01342


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8230 282/12

[*1]The People of the State of New York, Respondent,
v
Christopher Reed, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Meredith J. Nelson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered February 7, 2014, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 25 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. Reliable identifications by two eyewitnesses were corroborated by circumstantial evidence, including defendant's false exculpatory statements to the police.
The court providently exercised its discretion in admitting testimony that, during an argument at a party in defendant's building (not attended by defendant) that occurred shortly before the homicide, a nontestifying declarant stated to the victim and others that the declarant could make a phone call to have them killed. This testimony was not admitted to show that the declarant actually had the power to compel someone to kill the victim, or that the declarant (who was not charged with any crime in this case) actually solicited defendant to do so. Instead, it was admitted to show the declarant's state of mind (see Guide to NY Evid rule 8.41 [state of mind] http://www.nycourts.gov/judges/evidence/8-HEARSAY/8.41_STATE%20OF%20MIND.pdf), that is, her anger at the victim on that occasion. This was relevant because there was other evidence, including portions of defendant's statement to the police, that supported an inference that the declarant conveyed her anger to defendant in a phone call. This, in turn, supplied a possible motive for an otherwise unexplained shooting.
The court also properly exercised its discretion in permitting a police witness to testify that after having unspecified conversations with certain witnesses, he went to defendant's apartment. This testimony came within the permissible bounds of evidence that completes the narrative and provides the jury with necessary background to explain the subsequent actions of the police (see People v Tosca, 98 NY2d 660, 661 [2002]), and it was not unduly prejudicial. Defendant's Confrontation Clause argument is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We have considered and rejected defendant's ineffective assistance of counsel claim relating to the lack of preservation (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The court also providently exercised its discretion in admitting surveillance video recordings, because witnesses provided sufficient authentication under the circumstances (see People v Patterson, 93 NY2d 80, 84-85 [1999]). The totality of the evidence, including the relationship of the videotapes at issue to other videotapes that were undisputedly authenticated, supported the inference that the videotapes at issue depicted the relevant locations in defendant's building, and any alleged uncertainty went to the weight to be accorded the evidence rather than its admissibility (see People v McEachern, 148 AD3d 565, 566 [1st Dept 2017], lv denied 29 NY3d 1083 [2017]).
Defendant's challenges to the prosecutor's summation are entirely unpreserved, notwithstanding defendant's postsummations mistrial motion (see People v Romero, 7 NY3d 911, 912 [2006]; People v LaValle, 3 NY3d 88, 116 [2004]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 143-144 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK