People v Mercedes (2019 NY Slip Op 04089)





People v Mercedes


2019 NY Slip Op 04089


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9418 3214/16

[*1]The People of the State of New York, Respondent,
v
Christian Mercedes, Defendant-Appellant.


Brafman & Associates, P.C., New York (Mark M. Baker of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Kevin B. McGrath, Jr., J. at speedy trial motion; Melissa C. Jackson, J. at jury trial and sentencing), rendered April 11, 2018, convicting defendant of burglary in the second degree as a sexually motivated felony and public lewdness, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.
The verdict was supported by legally sufficient evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence establishes a knowingly unlawful entry. At a building that had a no-trespassing sign, and whose gated courtyard and lobby were both secured by locks and buzzer systems, defendant passed through both entrances by following a resident who entered by means of a key. The fact that defendant did not reside in the building could be inferred from the manner of these entries, as well as defendant's attempt to use an elevator that had been out of service for more than a year. The jury could have reasonably found that a witness's courteous act of stopping the lobby door from slamming on defendant gave him no reason to believe the witness had conferred upon defendant a license to enter where no such license otherwise existed. We also note that although defendant was charged with unlawfully entering the building, the circumstances of his entrance into the gated courtyard were equally relevant to his knowing, unlawful entry into the lobby. Finally, defendant's conduct immediately after he entered established that he entered with intent to, at least, commit the crime of public lewdness.
The court properly denied defendant's speedy trial motion. Contrary to defendant's assertion, the single period of postreadiness delay at issue was not "unexplained." The record adequately explained (see People v Brown, 28 NY3d 392, 404 [2016]) that the case had been adjourned, on consent, for purposes of disposition to allow defendant to consider a plea offer, and that when defendant rejected the offer, the court adjourned the matter for trial, thereby according the People a reasonable time to prepare (see e.g. People v Reynoso, 295 AD2d 156, 157 [1st Dept 2002], lv denied 98 NY2d 701 [2002]; People v Delvalle, 265 AD2d 174 [1st Dept 1999], lv denied 94 NY2d 879 [2000]).
The trial court providently exercised its discretion (see People v Patterson, 93 NY2d 80, 84 [1999]) in admitting a very brief portion of a surveillance videotape that, unlike the rest of the videotapes in evidence, could not be directly authenticated by a witness to the events depicted. "The totality of the evidence, including the relationship of the videotapes at issue to other videotapes that were undisputedly authenticated, supported the inference that the videotapes at issue depicted the relevant [events], and any alleged uncertainty went to the weight to be accorded the evidence rather than its admissibility" (People v Reed, 169 AD3d 573, 574 [1st Dept 2019]; see also People v McEachern, 148 AD3d 565, 566 [1st Dept 2017], lv denied 29 NY3d 1083 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK