People v Williams (2021 NY Slip Op 01489)





People v Williams


2021 NY Slip Op 01489


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Kern, J.P., Singh, Scarpulla, Mendez, JJ. 


Ind No. 1947/11 1947/11 Appeal No. 13329 Case No. 2017-2665 

[*1]The People of the State of New York, Respondent,
v
Tyrell Williams, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Cynthia A. Carlson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Eugene Oliver, J. at jury trial and sentencing; Lester B. Adler, J. at resentencing), rendered September 30, 2015, as amended May 21, 2019, convicting defendant of attempted murder in the second degree (two counts), assault in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 16 years, unanimously affirmed.
Defendant failed to preserve his claim that a surveillance video admitted into evidence was insufficiently authenticated, and we decline to review it in the interest of justice. As an alternative holding, we find that, taken as a whole, the testimony of various fact witnesses, and inferences to be drawn from their testimony, sufficiently authenticated the tape (see e.g. People v McEachern, 148 AD3d 565, 566 [1st Dept 2017], lv denied 29 NY3d 1083 [2017]). Moreover, the record demonstrates that the People could have further established authentication if defendant had objected "at a time when the error complained of could readily have been corrected" (People v Robinson, 36 NY2d 224, 228 [1975]).
Defendant's claim that his counsel rendered ineffective assistance by failing to object to the videotape is unreviewable on direct appeal because it involves matters of strategy not reflected in the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). We find unpersuasive defendant's argument that counsel could not have had a legitimate strategic reason for consenting to the admission of the tape. On the contrary, counsel may have concluded, for example, that objecting to the tape would be futile, because the People would simply elicit further authentication testimony, and counterproductive, because the authentication process might highlight the tape's importance in the minds of the jurors. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of his ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's lack of objection to the tape fell below an objective standard of reasonableness, or that it deprived defendant of a fair trial or affected the outcome of the case.
We perceive no basis for a reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021